STATE OF NEBRASKA, EX REL. OMAHA HORSE RAILWAY COMPANY v. THE JUDGES OF THE DISTRICT COURT IN AND FOR DOUGLAS COUNTY.

Mandamus: SUPERSEDEAS BOND. Where a peremptory writ of mandamus was granted by the district court against a street railway company to compel it to run cars over a certain portion of its line, and the railway company sought to have the judgment reviewed in the supreme court and to compel the district court to fix the amount of the supersedeas bond; *Held*, That there was no provision of the statute requiring such court or judges to fix the amount of the undertaking in such case.

ORIGINAL application for mandamus.

*George E. Pritchett,* for relator.

*John L. Webster,* for respondents.

MAXWELL, CH. J.

This is an application for a peremptory writ of mandamus to compel the judges of the district court of Doug-

las county to fix the amount of the supersedeas bond to be given by the relator in order that a certain judgment compelling it to run its cars over a certain portion of its line may be stayed until it can be reviewed in the supreme court.

It is alleged in the affidavit on which the application is made, " that said court refused, and still refuses, to fix the amount in which a supersedeas bond should be given by said respondent in said proceedings, or the form thereof, and refused, and still refuses, to permit said respondent to supersede said writ and judgment upon proceedings in error to the supreme court to review the same, giving as the only ground for such refusal that the law does not provide for a supersedeas upon error to the supreme court in mandamus cases."

The attorney for the respondents has filed an affidavit wherein he alleges that the respondents refused to fix a supersedeas bond, for the reason that the Omaha Horse Railway Co. were not entitled to supersede the judgment and final order in said cause, and that there was no law requiring them to fix the amount of a supersedeas bond in said cause; and that said refusal was not made on the sole ground that there was no law providing for supersedeas bonds in 'mandamus cases in general

Sec. 588 of the code provides for a supersedeas—1st, When the judgment or final order sought to be reversed directs the payment of money, in which case the under-taking is required to be in double the amount of the judgment or order; 2d, When it directs the execution of a conveyance or other instrument the court or judge is required to fix the amount of the undertaking; 3d, When the judgment or final order directs the sale or delivery of real property, the court or judge is required to fix the amount of the undertaking

There are other provisions to which it is unnecessary to refer.

Sec. 582 provides that " a judgment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court for errors appearing on the record." This would seem to include a final judgment awarding a peremptory writ of mandamus, and no doubt it does; but the provisions for a supersedeas are not as broad as those for the review of judgments on error. No doubt the district court, in the exercise of its equity powers, may, in a case not provided for in the statute, where great hardship or wrong would be the result of enforcing the judgment or final order before the cause was reviewed in the court of last resort, fix the amount of the undertaking and cause a stay of proceedings. But that question is not before the court

The relator seeks to compel the defendants to fix the amount of the undertaking because the statute makes it their duty to do so, and it has a right to enforce the performance of that duty. The final judgment was that the relator should run cars over a certain portion of its road. The right to review such a judgment on error is undoubted, but the authority of the judges to fix the amount of supersedeas to stay the judgment in such a case is not conferred by statute. The writer has spent considerable time in the examination of authorities, but has been unable to find a single case where the question involved was similar to that under consideration in which a supersedeas was granted.

In *People v. Throop,* 12 Wend., 183, the cashier of a bank refused to permit a director, who it was claimed was hostile to the bank, to inspect the discount book, and the board of directors afterwards passed a resolution excluding such director from such inspection. The court, upon the return to a rule to show cause, granted a peremptory writ of mandamus to compel the cashier to permit an inspection of the book, but no stay of proceedings seems to have been granted

In *People v. Steele,* 1 Edmund's Select Cases, 505, it was

held that the writ of error did not operate as a stay of execution, and the same rule seems to prevail in South Carolina. *Pinckney v. Henegan,* 2 Strob., 250. High Ex. Rem., § 557. Indeed, in many cases where there is a refusal to perform a plain public duty, as to permit an inspection of books, operate a railway, etc., the judgment should not be stayed for the reason stated in *People v. Throop* (page 188). "A delay might render nugatory the whole proceeding as to the relator." As the statute does not require the defendants to perform the duty sought to be enforced, the writ must be denied.

WRIT DENIED.

THE other judges concur.