THOMAS J. COOPERRIDER ET AL. V. STATE OF NEBRASKA, EX REL. WILLIAM H. STEVENS ET AL.

FILED OCTOBER 1, 1895.   No. 7999.

1. **Township Organization**: STATUTES: CONSTITUTIONAL LAW. *Van Horn v. State*, 46 Neb., 62, reaffirmed.

2. **Mandamus**: WRIT AGAINST BOARDS AND CORPORATIONS. In an action for a *mandamus* to compel the performance of a duty imposed upon the governing body of a corporation, such as a county board, it is proper to name as respondents and direct the writ against the individuals holding the offices in their official capacity.

3. ——: PARTIES.   Members of the board may in such case be relators, and when they are such there is no defect of parties if all the members of the board who are not relators are made respondents.

4. ——: SUPERSEDEAS.   Where a peremptory writ of *mandamus* has been awarded, the allowance of a supersedeas rests within the judicial discretion of the trial court.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*Capps & Stevens,* for plaintiffs in error.

*W. P. McCreary, contra.*

IRVINE, C.

The relators applied to the district court of Adams county for a writ of *mandamus* to compel the respondents, as members of the board of supervisors, to convene and divide the county into supervisor districts and select supervisors according to the provisions of Session Laws, 1895, chapter 28. The district court allowed the writ, and the respondents prosecute error.

The case on its merits presents the same questions as are decided in *Van Horn v. State,* 46 Neb., 62, and the same reasons control its decision. In this case there are, however, certain assignments of error relating to the form of the proceedings. These require separate notice. The relators in this case are themselves members of the board of supervisors. The respondents are the remaining members of the board. The prayer is for a writ compelling the respondents to convene with the relators and act. This is also the form of both alternative and peremptory writs. It is contended that in such a case the proper respondent is the corporation as such. In other words, that the writ should run not against individuals composing the board of supervisors, but against the board of supervisors by that name. In *State v. Home Street R. Co.,* 43 Neb., 830, it was said: " Where the act is a duty incumbent on a corporation, the writ may, according to circumstances, be directed to the corporation itself, to the select body of officers whose duty it is to perform the act, or to the corporation and that body jointly." An examination of the cases convinces us that according to the great weight of modern

authority the form of the writ as to the respondents is not
very material.   It has been held that a writ directed against
a municipal corporation in its corporate name, or against the
council without naming its members, is sufficient. (*Village
of Glencoe v. People*, 78 Ill., 382; *City of Chicago v. San-
sum*, 87 Ill., 182; *Fisher v. City of Charleston*, 17 W. Va.,
595; *Wren v. City of Indianapolis*, 96 Ind., 206; *State v.
City of Milwaukee*, 25 Wis., 122.)   On the other hand, it
has been held a proper and, indeed, a preferable practice, to
direct the writ against the individuals holding the office.
(*Hollister v. Judges of District Court*, 8 O. St., 201; *State
Counsel v. Hickman*, 57 Ala., 338; *Commonwealth v. City
of Pittsburg*, 34 Pa. St., 496; *St. Louis County Court v.
Sparks*, 10 Mo., 117.)   In *City of Louisville v. Kean*, 18 B.
Mon. [Ky.], 9, a proceeding against the individuals was
treated as one against the corporation and the corporation al-
lowed to appeal.   In *People v. Brinkerhoff*, 68 N. Y., 259, it
was said that the writ should have been directed to the board
of supervisors, but that it was not error to direct it to the
chairman and clerk alone, they being particularly charged
with the duty.   It would seem, too, from some of the cases,
that courts have regarded it essential to the enforcement of
the writ by attachment that the peremptory writ should
run against the individuals and be served upon them.   But
for this purpose they have issued the peremptory writ in that
form, although the alternative writ was directed to the cor-
porate body. (*People v. Champion*, 16 Johns. [N. Y.], 61;
*Wren v. City of Indianapolis, supra; State v. City of Mil-
waukee, supra.*)   Even the English courts of the last cen-
tury were inclined to disregard technical defects in regard
to the naming of respondents in the writ. (*Pees v. Major*,
1 Stra. [Eng.], 640.)   It is the doctrine of the supreme
court of the United States that a writ may be directed
either to a city by its corporate name, or to the mayor and
aldermen if it appear that these officers are the governing
body. (*Mayor v. Lord*, 9 Wall. [U. S.], 409.)   In such cases

the service of the writ seems to be more important than its form, but we think the better practice is to name as respondents and direct the writ against the individuals holding the office in their official capacity.

It is contended, also, that the relators, being members of the board, have no legal capacity to sue. The duty which it is sought to enforce is a public duty, and the question is one of public right. Therefore, any citizen may maintain the action. (*State v. Shropshire*, 4 Neb., 411; *State v. Stearns*, 11 Neb., 104; *State v. City of Kearney*, 25 Neb., 262.) No citizen can more appropriately bring the action than a member of the board, upon whom the duty is imposed, and whose efforts to perform it are thwarted by the recalcitrant majority of the board. It is suggested that there is a defect of parties defendant, because all the members of the board are not made defendants. It is the rule that in such cases all the officers upon whom the duty is imposed are necessary respondents. (*Lyon v. Rice*, 41 Conn., 245; *Knight v. Ferris*, 6 Houst. [Del.], 283; *State v. Jones*, 1 Ired. [N. Car.], 129.) In a case like the present it has been held proper for the relator, being a member of the board, to make himself also a respondent (*Cooper v. Nelson*, 38 Ia., 440), but we think that the correct view, especially under the reformed procedure, is that taken in *State v. Jones, supra*, holding that while the writ must be directed to all the members, still, where a portion of the members accept service and assent to the performance of the act, a writ directed against the remaining members is sufficient, as all have been thus brought before the court and are subject to penalty for contempt. Here all the members of the board are before the court. The relators asking for the writ here are as much bound by the record as the respondents. The writ requires the respondents to meet with the relators, and there can be no doubt that upon this record the writ may be enforced against every member of the board, whether relator or respondent.

The district court refused to allow a supersedeas, and its action in this respect is assigned as error. It is doubtful whether the question is properly presented in this manner, but be,.that as it may, there was no reversible. error. The question was before this court in *State v. Judges*, 19 Neb., 149. It was there intimated that in a case not provided for by statute the district court might, where great hardship or wrong would be the result of enforcing the order before the'appeal was decided, grant a supersedeas ; but that for a supersedeas in such cases there was no statutory authority, and the district court could not be compelled to allow it. From this it would seem that the allowance of a supersedeas in a *mandamus* case rests within the discretion of the district court. This is the rule as to *quo warranto*. (*Gandy v. State*, 10.Neb., 243.) No abuse of discretion in this case appears.

JUDGMENT AFFIRMED.