HOME FIRE INSURANCE COMPANY, APPELLEE, V. WARREN
DUTCHER ET AL., APPELLANTS.

FILED JUNE 2, 1896.   No. 8478.

1. **Supersedeas: EFFECT OF APPEAL.** In this state an appeal does not
operate as a supersedeas except as provided by statute and upon
the terms imposed by statute.

2. **Appointment of Receiver: SUPERSEDEAS: APPEAL.** An order ap-
pointing a receiver *pendente lite* cannot be superseded as a matter
of right during the pendency of an appeal from that order.

3. ————: **FORECLOSURE.** An order appointing a receiver of real prop-
erty in aid of foreclosure proceedings is not an order directing
the delivery of possession of real property within the meaning of
subdivision 3, section 677, Code of Civil Procedure.

4. **Supersedeas: POWER OF COURT.** In cases where the statute makes
no provision for a supersedeas as a matter of right, the court may
in its discretion allow a supersedeas upon conditions which it may
affix for the protection of the parties.

5. **Appeal: SUPERSEDEAS.** It is within the power of this court in its
discretion, after obtaining jurisdiction of a case by appeal, to
allow a supersedeas in cases not provided for by statute, and upon
terms which the court may prescribe.

APPEAL from the district court of Douglas county.
Heard below before KEYSOR, J.   Submitted to supreme
court on application of appellants for an order to prevent
the district court and the receiver appointed below from
proceeding further pending appeal. *Application sustained
conditionally.*

Authorities cited by counsel are referred to in the
opinion.

*L. D. Holmes* and *C. W. Young,* for appellants.

*V. O. Strickler, contra.*

IRVINE, C.

The Home Fire Insurance Company instituted an ac-
tion in the district court of Douglas county to foreclose

a mortgage executed by Warren Dutcher on premises which he afterwards conveyed to defendant A. J. Dutcher. The petition contained allegations to the effect that the present value of the premises is less than the mortgage indebtedness; that taxes on the premises to a large amount have been suffered to become delinquent, and that waste was being committed. There was a prayer for a receiver *pendente lite.* The district court, upon hearing evidence on the application for a receiver, sustained said application and appointed a receiver for the premises. From this order the defendants have appealed. The district court, at the time of making the order, fixed the amount of the supersedeas bond at $500, and within the statutory period the defendants entered into a bond in that sum conditioned according to the third subdivision of section 677 of the Code of Civil Procedure. This subdivision is as follows: "When the judgment, decree, or order directs the sale or delivery of possession of real estate, the bond shall be in such sum as the court or judge thereof in vacation shall prescribe, conditioned that the appellant or appellants will prosecute such appeal without delay and will not, during the pendency of such appeal, commit or suffer to be committed any waste upon such real estate." A motion was made to strike this bond from the files on the grounds, first, that there is no authority in law for superseding an order appointing a receiver *pendente lite;* and second, that if such an order may be superseded, the bond should be conditioned to pay the reasonable rental value of the property pending appeal. This motion the court sustained, and an application having been made by the receiver for a writ of assistance, the appellants made application to this court for an order restraining the district court and the receiver from taking any further steps pending the appeal.

The primary question presented is that stated as the first ground of the motion to strike the bond from the files, to-wit: Is there any authority for superseding an

order appointing a receiver *pendente lite?* In considering
the application we are, therefore, not reviewing the order
striking the bond from the files, because, if an order ap-
pointing a receiver can be superseded as a matter of
right, it must be under the third subdivision of section
677, as that is the only provision which could possibly
apply to such a case. In such event the filing and ap-
proval of the bond operated as a supersedeas and the
order striking the bond from the files was a nullity. If,
on the other hand, there is no authority for a supersedeas
in such a case, the bond itself was a nullity and the dis-
trict court had authority to proceed in disregard of such
bond. The question so presented is by no means free
from difficulty. A supersedeas is now almost everywhere
so much controlled by statute, and the statutes are so
different in their provisions, that but little assistance
can be had from the adjudications of other states. After
a severe struggle it became established in England that
an appeal of itself operated as a supersedeas. Follow-
ing the analogy of this practice, it is held in some states
that statutes providing special conditions, such as the
giving of a bond, in order to effect a supersedeas are
merely restrictive in their character, and that the appeal
itself works a supersedeas where there is no statute re-
quiring a bond or a compliance with other conditions.
A different doctrine has, however, been announced in
this state; and it must be accepted as the established
rule here that a supersedeas can be had as a matter of
right only where it is affirmatively provided for by stat-
ute. (*Gandy v. State,* 10 Neb., 243; *State v. Judges,* 19 Neb.,
149; *State v. Meeker,* 19 Neb., 444; *Cooperrider v. State,* 46
Neb., 84.)

Owing to this difference between the rule on the sub-
ject in this state and the rule in many others, as well as
the very broad differences between our statute and most
others, the cases cited on behalf of the appellants have
little or no application to that before us. Thus, *State v.
Johnson,* 13 Fla., 33, was based on statutes making the

allowance of a supersedeas in all cases a matter of discretion. *Everett v. State*, 28 Md., 190, was based on a statute quoted in *Blondheim v. Moore*, 11 Md., 365, expressly providing the terms of a supersedeas in such cases. *Northwestern Mutual Life Ins. Co. v. Park Hotel Co.*, 37 Wis., 125, was based on a construction of a statute providing for supersedeas bonds in certain cases, followed by a provision fixing the terms of the bond in "all other cases." The court held this general provision applicable to orders appointing receivers, by virtue of the doctrine already mentioned as prevailing in some places that an appeal itself is a supersedeas unless a statute in a particular case requires some further condition to be complied with, or denies the right. That this is the Wisconsin doctrine appears more clearly perhaps from the case of *Hudson v. Smith*, 9 Wis., 122. *Elliot v. Whitmore*, 10 Utah, 238, seems to have been based on a statute like ours, and is, therefore, more nearly in point. In that case the defendant was in possession of a stream and had appropriated the water by means of a ditch to his own use. The plaintiff obtained a decree entitling him to the use of a part of the water, enjoining the defendant from using that portion awarded the plaintiff, and appointing a commissioner to put into the stream a certain device which would make a partition of the water in the proportions decreed. It was held that the case fell within a statute identical with subdivision 3 of section 677 of our Code, and that the decree was superseded by a bond thereunder, the decree in effect directing the delivery of possession of real estate. It seems to us that the court thereby gave an exceedingly liberal construction to this provision. But there is this difference between the case cited and that before us, that in the Utah case the decree was final, and considered as an order for the delivery of possession of real property, it was an order for a final and perpetual delivery to the adverse party; while in the case before us the possession of property is not ordered delivered finally to the plaintiff, but to an officer of the court, to hold the same on be-

half of all parties to the suit as their rights may ultimately be determined, and as a provisional remedy only. This distinction will be later adverted to.

In *Swing v. Townsend*, 24 O. St., 1, the action was for the construction of a will, an order to sell real estate, and for distribution. Receivers were appointed in the court below. An appeal having been taken from the decree, the supreme court held that the appeal did not supersede the receivership and that the powers and duties of the receivers continued notwithstanding. It would seem, however, from *Eaton & H. R. Co. v. Varnum*, 10 O. St., 622, that an order appointing a receiver was not at that time in Ohio an appealable order, as it is made here by section 275 of the Code of Civil Procedure. In the *Matter of the Real Estate Associates*, 58 Cal., 356, it was held that an appeal from an order adjudicating insolvency and appointing a receiver did not suspend the functions of the receiver, the court saying: "For obvious reasons it would be dangerous to hold that the functions of the receiver are suspended during the appeal. It may be imperatively necessary to the preservation of the estate that his functions should not be suspended." This case has a certain significance from the fact that section 945 of the California Code of Civil Procedure bears a close analogy to our section 677, subdivision 3; but other provisions of the California law are so different that we cannot give the case the weight which it would otherwise be entitled to.

A series of cases in Tennessee is instructive. That state has a statute which provides that "the supreme court in term or either of the judges in vacation may grant writs of supersedeas to an interlocutory order or decree or execution issued thereon as in case of a final decree." (Statutes of Tennessee, vol. 2, sec. 3933.) It would seem that the language of this statute was broad enough to authorize, by a liberal construction at least, the allowance of a supersedeas on appeal from an order appointing a receiver; but the Tennessee court holds

that it does not apply to such an order. (*Baird v. Turnpike Co.*, 1 Lea [Tenn.], 394; *Bramley v. Tyree*, 1 Lea [Tenn.], 531; *Roberson v. Roberson*, 3 Lea [Tenn.], 50.) The reason given for this construction is that the statute was intended only to apply to orders adjudicating rights, and that it does not extend to orders made pending litigation for the preservation of rights, but not adjudicating them.

The foregoing comprise all the cases to which the briefs direct our attention, as well as those most nearly approaching the question before us which an independent examination has brought to our attention. There are other cases treating an order appointing a receiver as one which should be superseded by appeal in the absence of express statute; but these cases emanate from jurisdictions following the old English practice, which we have shown does not prevail in this state. For several reasons we think that section 677 of the Code should not be so construed as to authorize a supersedeas of an order appointing a receiver *pendente lite* as a matter of right. In the first place, as already intimated, the third subdivision, which provides for orders directing the delivery of possession of real estate, is the only provision which could apply, and the condition of the bond in such case is merely that the appellants will not commit waste. If the sole object of a receivership is to prevent waste, that object can be more readily accomplished and with less hardship by an injunction. If the object is to otherwise preserve the property, or to sequester the rents and profits, the condition of the bond would be entirely inadequate to the protection of the party on whose application a receiver was appointed. In the next place it has been held that the district court may, in a proper case, appoint a receiver after decree and pending an appeal, and this in the case of a mortgage foreclosure after an order of confirmation. (*Eastman v. Cain*, 45 Neb., 48; *Philadelphia Mortgage & Trust Co. v. Goos*, 47 Neb., 804.) The propriety of such an appointment may largely depend upon the fact that a bond conditioned under the

third subdivision of section 677 is the only security that
the appellant is required to give to supersede an order
of confirmation; and that such security may frequently
be inadequate.  If we should now hold that an appeal
could be taken in such case from an order appointing a
receiver, and that order be superseded by another bond,
conditioned in the same manner as the bond in the ap-
peal from the order of confirmation, we would deny the
very protection which the cases cited hold the mortgagee
or purchaser is entitled to.  The most conclusive reason,
however, for the construction which we have indicated,
is that the appointment of a receiver is a provisional
remedy.  It does not adjudicate any rights.  Its purpose
is merely the protection of the property in dispute pend-
ing the action.  Provisional orders are usually summary,
frequently not subject to review, always largely discre-
tionary, and almost universally not subject to be super-
seded.  The provisional remedies now existing by virtue
of·our Code of Civil Procedure are the writs of replevin
and attachment, injunction, and receivers.  (Code of Civil
Procedure, title 8.)  The Code contains no provision
whereby the defendant in replevin can supersede the
writ of replevin or even by a forthcoming bond obtain
the return of the property pending the suit.  In case of
an attachment, there is no provision whereby the exe-
cution of the writ of attachment may be superseded; but
there are two special provisions whereby the defendant
can regain possession of the property upon giving bonds.
(Code of Civil Procedure, secs. 206 and 219.)  There is also
an express provision whereby an order discharging the
attachment may be superseded by certain procedure,
and upon the giving of a bond specially provided in such
case. (Code of Civil Procedure, sec. 236e.)  There is no
provision whereby an order allowing an injunction may
be superseded, when it is solely prohibitive in its charac-
ter; but there is a special provision whereby an order
dissolving an injunction may be superseded so as to con-
tinue the injunction in force. (Code of Civil Procedure,

secs. 677, 679, 680, 681.) It will be observed, therefore, that generally the Code contemplates that the orders allowing any one of the provisional remedies shall stand in force until discharged by the court allowing them or by this court on appeal; and that wherever there is a special reason for suspending any of such remedies, the legislature has deemed it necessary to provide expressly therefor. It is evident that the legislature has not considered the general provisions for a supersedeas applicable to the provisional remedies in such a manner as to prevent their enforcement. The special provisions referred to have always been considered as exclusive in their character. The chapter relating to receivers contains no special provision for the superseding of an order of appointment; nor is there elsewhere in the Code any provision of that character. As pointed out already, to allow a supersedeas as a matter of right would in many cases defeat the whole purpose of the order, and we think the obvious intention of the legislature was that such purpose should not be in that manner defeated, and for that reason no provision was made for superseding such an order. Furthermore, the Code provides protection to the defendant from the results of continuing provisional remedies in the way of bonds which are always required for that purpose.

In holding that a party may not, as a matter of right, supersede an order appointing a receiver, we do not hold that a supersedeas may not be granted in the discretion of the court. This court has already held that a writ of ouster in a *quo warranto* case and a writ of *mandamus* are writs which may not be superseded as a matter of right; but it has also held that the court may in its discretion allow a supersedeas in such cases. (*Gandy v. State,* 10 Neb., 243; *State v. Judges,* 19 Neb., 149; *Cooperrider v. State,* 46 Neb., 84.) It is quite clear from the record that the district court has been proceeding on the theory that there was no authority whatever for a supersedeas in this case, and has not exercised, or been called upon to

exercise, its discretion in granting or refusing a super-sedeas. This court now has jurisdiction of the case on appeal, and we have no doubt of its power to itself grant a stay on proper conditions. (*City of Janesville v. Janes-ville Water Co.*, 89 Wis., 159; *Haught v. Irwin*, 166 Pa. St., 548.) Inasmuch as the allowing of a stay is wholly a mat-ter of discretion, it follows that the court may, in allow-ing the stay, affix such conditions as in its judgment are necessary for the protection of the parties. A bond con-ditioned merely not to commit waste is, as we have seen, not a sufficient protection. We think the bond should be further conditioned to pay the reasonable rental value of the property to the receiver in case the order appointing him should be affirmed. The record discloses that the premises are now occupied by one of the appellants as a homestead, and this state of facts demands that we should permit in this case the order appealed from to be super-seded. In view of the evidence as to the value of the property and its probable rental value, we think the bond should be in the penal sum of $1,000. If a bond in that sum, and so conditioned, be filed within twenty days, with sureties approved by the clerk of the district court, the enforcement of the order will be suspended pending ap-peal. If not so given, the order heretofore entered stay-ing proceedings will stand discharged.

ORDER ACCORDINGLY.