PENN MUTUAL LIFE INSURANCE COMPANY, APPELLEE, V. CREIGHTON THEATRE BUILDING COMPANY ET AL., APPELLEES, AND A. L. REED ET AL., APPELLANTS.

FILED MAY 18, 1897.    No. 9097.

1. **Review**: PARTIES: RIGHT OF APPEAL. An appealable interest exists when the judgment or decree so affects a party or privy to the record that he would derive a substantial benefit from its modification or reversal.

2. ———: ———: ———: MOTION TO DISMISS. Consequently, on a motion to dismiss an appeal on the ground that the appellants are without an appealable interest, the question is not whether on the merits they are entitled to a reversal of the order appealed from, but it is whether the record shows that they are in the attitude of parties claiming a substantial right defeated by the order.

3. Judicial Sales: RIGHT OF BIDDER TO APPEAL. A bidder at a judicial sale whose bid has been accepted may appeal from an order setting the sale aside.

4. ———: ———: MOTION TO DISMISS. And where the report of sale is ambiguous as to the acceptance of the bid, but affords a fair basis for contention that a particular bid was accepted, that bidder may appeal from the order, and, on motion to dismiss the appeal, the court will not inquire whether the contention is well founded and the appellant entitled to a reversal.

5. ———: APPEAL: SUPERSEDEAS. The third subdivision of section 677 of the Code of Civil Procedure, providing for superseding orders directing the sale or delivery of possession of real estate on giving bond not to suffer or commit waste, contemplates appeals by the owner or party in possession and has no application to an appeal by a purchaser from an order setting aside a sale and directing a resale.

6. ———: ———: ———. But in cases not within the statute the district court may, in its discretion, allow a supersedeas on proper terms, and should do so where the appellant's rights will be jeopardized if the order is not superseded, and no party will be injured beyond the protection of a bond by superseding the order.

APPEAL from the district court of Douglas county. Heard below before SCOTT, J. Submitted on motion to dismiss appeal and on motion to vacate supersedeas allowed by supreme court. *Motion to dismiss overruled. Order below denying supersedeas reversed.*

*John L. Webster* and *Montgomery & Hall*, for the motions.

*William D. Beckett* and *R. S. Hall*, contra.

IRVINE, C.

The Penn Mutual Life Insurance Company brought an action in the district court of Douglas county to foreclose a mortgage made by the Creighton Theatre Building Company. This proceeded to decree, and on the 30th

of January, 1897, the mortgaged property was offered for sale at 10 o'clock A. M.   As to what occurred at the sale we quote as follows from the master's report:

"I received two bids for said property, as follows:

"From Abraham L. Reed and Freeman P. Kirkendall, by William D. Beckett, their attorney, I received a bid of $117,000, at 10:57 o'clock A. M., that sum being more than two-thirds of the appraised value of said property; no other bids having been received by 11 A. M., I accepted from said bidders the sum of $20,000 upon said bid, deeming it unnecessary to require the whole amount of said bid to be deposited with me until just prior to the confirmation.

"Being informed at that time that other bids might be made, I deemed it my duty to receive any such bids in case they should be made, and thereafter, at 1:20 o'clock P. M., I received a bid for said property from Edward W. Nash, trustee, of $117,500.   No other bids being made up to 9 o'clock P. M., I declared said property sold to Edward W. Nash, trustee, for the sum of $117,500.

"Immediately after declaring said property sold to Edward W. Nash, trustee, I tendered back to William D. Beckett, attorney for Abraham L. Reed and Freeman P. Kirkendall, the sum of $20,000 paid by them upon their bid by said Beckett, and said Beckett then and there refused to receive the same.   Said Edward W. Nash, trustee, then paid to me the sum of $27,000 upon his bid, I deeming it unnecessary to require the whole of said bid to be deposited with me at that time, and it was agreed that the balance of the bid should be paid prior to the confirmation of the sale.   The amount paid by said Edward W. Nash, trustee, was the highest bid made for the property and not less than two-thirds of the appraised value thereof."

As soon as the master's report was filed, plaintiff moved "to confirm the sale made by the special master commissioner."   Reed & Kirkendall moved to confirm the sale "made by the special master commissioner to

them." E. W. Nash moved "to confirm the sale of said property to him," and objected to the confirmation of the sale to Reed & Kirkendall. Reed & Kirkendall also filed objections to the confirmation of the sale to Nash. The cause coming on for hearing on these several motions, the court overruled all motions to confirm, but set the sale aside, directing that the property should be resold under the decree. Reed & Kirkendall appealed from this order, and the case is now presented to us upon the motion of the plaintiff and of Nash to dismiss the appeal. The grounds of this motion are that the order appealed from is not a final order affecting a substantial right, and that Reed & Kirkendall have no standing to appeal therefrom.

The order setting aside the sale shows that the various motions were heard upon evidence. The record contains no bill of exceptions embodying this evidence. The appellees have, however, filed a certified transcript of what purport to be affidavits used on the hearing of the motions in the district court, and ask us, for the purpose of the pending motion, at least, to consider this transcript in the place of a bill of exceptions. This we cannot do. It would be supererogatory on this point to cite the multitude of decisions holding that, for the consideration of evidence used in the district court, it is essential that it should be embodied in a bill of exceptions duly settled, allowed, and authenticated; and that the clerk's certificate verifying copies of affidavits on file cannot under any circumstances take the place of such a bill. We must, therefore, consider the motion solely in the light of the transcript of the record before us. The argument of the motion covered quite generally the merits of the appeal, and while in one sense those merits are to a certain extent necessarily involved, we cannot on this motion finally pass thereon. The right of a party to appeal does not depend upon his having in fact a meritorious ground for the appeal. We take it that the question presented is not whether by the sale Reed & Kirkendall obtained

a valid interest in the property, the subject-matter of the action, but whether on the record they are substantially interested in the event of the suit. "An appealable interest exists when the judgment or decree so affects a party or privy to the record that he would derive a substantial benefit from its modification or reversal." (2 Ency. Pl. & Pr., 161, and cases there cited.) In passing upon this motion, therefore, we do not inquire whether a valid enforceable sale was made to Reed & Kirkendall, but merely whether the record discloses such a substantial claim on their part as to bring them within the foregoing definition.

A few propositions established by former decisions of this court go far towards solving the question. In the first place it has been held that an order setting aside a judicial sale is in its nature appealable. (*Berkley v. Lamb*, 8 Neb., 392.) It is contended that the order in the case cited was appealable only because the sale was set aside for a reason which prevented a resale, and therefore determined the proceeding. Some of the language used by the court indicates that this feature was considered an important one in the case. But the decision was based largely on the authority of *Mayer v. Wick*, 15 O. St., 548, where the same rule was announced under circumstances which permitted a resale. Moreover, in *Bachle v. Webb*, 11 Neb., 423, in *Roberts v. Robinson*, 49 Neb., 717, and perhaps in other cases, this court has entertained appeals from such orders, reversed the order setting aside the sale, and ordered confirmation thereof, showing that the doctrine of *Berkley v. Lamb* has not by the court been confined so narrowly as the argument referred to would require. It is also settled by the same cases that the court, in examining a foreclosure or execution sale, is not vested with any arbitrary discretion to set the sale aside. On the other hand, if the sale was regularly made in conformity to the decree and to law, the parties have a right to insist upon confirmation. In *Nebraska Loan & Trust Co. v. Hamer*, 40 Neb., 281, where the contest was

as to which of two bidders should have been declared the purchaser, it was distinctly held that the contract is closed by the acceptance of a bid; in other words, that rights become vested thereby. True, the rights of the purchaser do not become complete until confirmation; but if his bid be good and sufficient, if it be the highest, if it be accepted, and if the proceedings have been regular, he becomes entitled to the order of confirmation which finally adjudicates his rights; *per contra*, a refusal to confirm and a setting aside of the sale if acquiesced in by the purchaser, would finally defeat all right obtained under the sale. By the acceptance of a bid the bidder becomes a party, subject to the jurisdiction of the court and concluded by its orders, and he may be required and compelled to perform his bid. (*Philips v. Dawley*, 1 Neb., 320; *Jones v. Null*, 9 Neb., 254; *Gregory v. Tingley*, 18 Neb., 318; *Norton v. Nebraska Loan & Trust Co.*, 35 Neb., 466, 40 Neb., 394.) It follows from these considerations that the successful bidder becomes absolutely bound by the proceedings, and that he becomes obligated to perform his part of the contract. If he incurs obligations, he also acquires rights, and the right acquired is to enforce the confirmation of the sale if it be valid, and the conveyance of the property which he has bought. If he fails to assert the right in the foreclosure proceedings he may not be heard to do so in a collateral action, for the simple reason that he is concluded by the record.

But it is contended that while the right to appeal may exist after a resale and final order of confirmation an order merely setting aside the sale and ordering a new one is not final and does not affect the purchaser's rights, because on the resale he may obtain the property on terms equally advantageous. In support of this view we are cited to *Childs v. Hurd*, 25 W. Va., 530. In the first place, it is to be remarked that the court was there considering a statute fixing the right to appeal which is much narrower than ours. In the second place, that case seems contrary to the weight of authority; as, for

instance, among cases taken at random by the writer from a long list, *Curtis v. Thompson*, 29 Gratt. [Va.], 474; *Mutual Life Ins. Co. v. Sturges*, 33 N. J. Eq., 328; *Yerby v. Hill*, 16 Tex., 377; *Murphrey v. Wood*, 2 Jones' Law, 63; *Blossom v. Milwaukee & C. R. Co.*, 1 Wall. [U. S.], 655. In the third place, that view is based upon a fallacy. It is not true that the order setting aside the sale leaves the purchaser's rights unaffected until the resale is had and confirmed. If the same purchaser is successful at the new sale the right he then has is acquired solely through the subsequent sale. His rights under the first sale have been divested. A purchaser steps into the record at the latest by the acceptance of his bid. He steps out by the order setting aside the sale to him, unless he appeals from that order. It is final and cuts off all his rights acquired to that time so long as the order stands. For the reasons indicated we think an order setting aside such a sale and ordering a resale is a final order affecting a substantial right of the purchaser, and that he may appeal therefrom.

On this motion it remains only then to consider whether these particular appellants appear on the record to occupy the position of purchasers whose rights, if any, have been defeated by the order complained of. It appears from the master's report that the property was offered at 10 A. M.; that at 10:57 the appellants made their bid of $117,000, being more than two-thirds the appraised value of the property, and that at 11 A. M., no other bid having been received, the master accepted from them $20,000 upon the bid, "deeming it unnecessary to require the whole amount of said bid to be deposited until just prior to the confirmation." While we are not aware of any statute on the subject, it is a settled practice in this state to hold such a sale open one hour. From this fact and from the fact that the bid was reported, that the master received a portion of the purchase money, which is not usual and which probably could not be demanded from a bidder whose bid is not accepted, and also

from the further statement that the master did not receive the rest because he deemed it unnecessary until just prior to confirmation, it is, at least, a fair matter for argument that the appellants' bid was accepted and the sale closed. In this connection it may be well to call attention to the case of *Jones v. Null*, 9 Neb., 254; where it was held that where the purchaser refuses to comply with the bid the officer may at once resell the property, but he cannot wait until the sale is closed and the bidders have departed before again offering the property for sale. We think that the report shows a substantial claim of interest by the appellants upon which they are entitled to be heard.

There is also presented a motion by the same parties to vacate a supersedeas heretofore allowed. The history of this proceeding is as follows: The appellants applied to the district court for an order fixing the amount of a supersedeas bond under subdivision 3 of section 677 of the Code of Civil Procedure. This application was denied. After the case was brought to this court, a similar application was made to us, on the theory that the order complained of was one directing the sale of real estate within the meaning of the third subdivision of section 677, and that the appellants were, therefore, as of right, entitled to a supersedeas on giving a bond conditioned against the suffering or commission of waste. There being at the time no opportunity for a full hearing of the parties and a deliberate investigation of the question presented, an order was made allowing a supersedeas in pursuance of the statute referred to, with leave, however, to the appellees to move to set aside the order. On further investigation and reflection we think the case is not one in which the appellees are entitled as of right to a supersedeas. The subdivision of section 677, to which reference has been made, evidently contemplates an appeal by the party in possession, the former owner whose title or right of possession will be divested by the order of sale or delivery of possession. This is apparent from

the condition of the bond.   The legislature could have had no possible object in requiring one out of possession and not claiming a present possessory interest to give bond not to commit waste on the premises.   It has, however, been several times held that in cases not within the statute the district court may, in its discretion, allow a supersedeas.   (*Gandy v. State,* 10 Neb., 243; *State v. Judges,* 19 Neb., 149; *Cooperrider v. State,* 46 Neb., 84; *Home Fire Ins. Co. v. Dutcher,* 48 Neb., 755.)   The appellants excepted to the order refusing the supersedeas, so that order is now before us for review.   A resale of the property at this time would, to say the least, put in hazard any rights which the appellants may have, if it would not absolutely defeat them, while we cannot see that any other parties can be irreparably damaged by allowing a supersedeas.   The Creighton Theatre Building Company is the mortgagor in possession.   It is not appearing in this proceeding and is making no objection.   · The effect of the delay merely continues its possession of the property.   The bid of appellants was more than sufficient to discharge the whole decree in favor of the plaintiff.   In the event of affirmance if the property brings a higher price the plaintiff does not suffer.   If it brings less it is not the fault of these appellants who are here insisting upon a confirmation of the sale which will entirely protect the plaintiff.   Nash, by seeking to enforce the order setting aside the sale, claims no interest himself, and cannot be damnified.   Under the circumstances, we think that the refusal of a supersedeas amounted to an abuse of discretion.   The supersedeas allowed by this court must, of course, be vacated, but the order of the district court refusing a supersedeas is reversed and a supersedeas allowed upon the appellants giving bond in the sum of $25,000 within twenty days from this order conditioned to pay all damages and costs which may accrue to any of the parties by reason of the delay, in case the judgment of the district court should finally be affirmed.

JUDGMENT ACCORDINGLY.