*In the Matter of the Application of* C. G. EPLEY, R. I. BOY-INGTON AND FRANK T. HATTER, *for a Writ of Habeas Corpus.*

(Filed Feb. 8, 1901.)

1. WRIT OF ERROR—*Supersedeas*. At common law a writ of error in the appellate court operated as a supersedeas by implication, and stayed the proceedings in the lower court from the time of its allowance, without an undertaking or other security.

2. STAY—*By Supreme Court*. In cases where the statute makes no provision for a supersedeas, or a stay of the judgment or final order, as a matter of right, the trial court may, in the exercise of its descretion, allow a supersedeas or stay on such terms as it may prescribe for the protection of the parties, pending an appeal to the appellate court.

3. STAY—*By Supreme Court*. The supreme court, or any justice thereof, has the power to stay the execution or enforcement of any judgment or final order in all cases not provided for by statute, and upon such terms as may be prescribed by the court or justice thereof, granting such stay, in any case taken to said court by appeal or proceedings in error.

4. VACATING SUPERSEDEAS. Where a supersedeas or stay is improperly granted by this court or any justice thereof, on the ground that the bond is insufficient, or that there are defects in the appeal, the appropriate remedy is by motion to vacate or set aside the order granting such supersedeas or stay.

5. STAY—*By Supreme Court Removes Jurisdiction*. It is a well settled principle of appellate procedure, that when a case is brought within the jurisdiction of an appellate tribunal it is taken entirely out of the inferior court. The appeal necessarily removes the matter in controversy to the higher tribunal for review. When, therefore, a case has been brought to this court by appeal or proceedings in error, and a supersedeas or stay granted by the court or justice thereof, the trial court is divested of any jurisdiction in the case pending the determination of the appeal, and it has no power to enforce its judgment or final order, unless the supersedeas or stay is set aside or vacated in the appellate court.

6.  MANDAMUS—*Judgment Granting—Review.* A judgment granting a peremptory writ of mandamus stands on equal footing with a judgment in an ordinary action at law, subject to review in the appellate court under similar conditions.

(Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

*W. S. Denton,* for petitioners.

*George P. Rush* and *Houstin James,* for respondent.

STATEMENT OF THE CASE.

This is an original proceeding in this court for a writ of *habeas corpus.* It appears from the petition, the return and the evidence submitted on behalf of the petitioners and the respondent that on November 19, 1900, Charles Loran Moore brought a certain action in the district court of Garfield county, against C. G. Epley, R. I. Boyington and J. H. Riggs, composing the board of county commissioners of Garfield county, Oklahoma Territory, and Frank T. Hatter, clerk of said county, and *ex-officio,* the board of canvassers of election returns of said county, to compel them by *mandamus* to reconvene and to correctly canvass the returns of the votes of certain precincts of said county for the office of probate judge, on the ground that said canvassing board had wrongfully refused or neglected to canvass the returns, as shown by the official returns of the judges of election in certain precincts in said county. On the 20th of November, 1900, said cause came on for hearing after due notice had been given to the respondents, and the court, after hearing the evidence and the argument of counsel on behalf of the relator and the respondent, granted a peremptory

writ of *mandamus,* commanding the board of canvassers to reconvene on December 18, 1900, and to correctly canvass the votes as shown by the official returns of the election judges in precincts numbered five and twenty-nine, in said Garfield county, and make due return of said writ on December 22, 1900. On November 20, a motion for a new trial was filed by the respondents which was overruled by the court and exception reserved. The respondents thereupon prayed an appeal to the supreme court from the judgment of the district court granting the peremptory writ of *mandamus,* and also asked the court that supersedeas or stay be granted on the filing of a proper bond pending an appeal to the supreme court. The court granted the appeal but refused to stay the judgment.

On December 17, 1900, the respondents filed their petition in error in this court. On December 17, 1900, an application was made by the respondents to the Hon. Clinton F. Irwin, associate justice of the supreme court, to stay the judgment of the district court in said action pending the appeal in the supreme court, which order (omitting title) is as follows:

"Now upon the application in the above entitled action for the stay of the order and judgment of the district court of Garfield county made in said action ordering and directing said plaintiffs in error to reconvene as a canvassing board, and it appearing that said plaintiffs in error are entitled to said stay, it is hereby

"Ordered that the order made in said action by the district court of Garfield county in said action, ordering and directing C. G. Epley, R. I. Boyington and J. H. Riggs, composing the board of county commissioners of Garfield county, Territory of Oklahoma, and Frank T. Hatter,

county clerk of said county, *ex-officio* the board of canvassers of election returns of said county, to reconvene on the 18th day of December, 1900, and recanvass the votes for James K. Beauchamp and Charles Loran Moore for probate judge, be and the same is hereby stayed, and said defendant in error, Charles Loran Moore, to acquire no rights by reason of said order pending the appeal in the supreme court, upon plaintiffs in error executing a good and sufficient bond in the sum of two hundred ($200.00) dollars, payable to defendant in error:  Conditioned for the payment of all costs and damages which defendant in error may sustain.  Said bond to be approved by the clerk of the supreme court, and this order to be in full force and effect upon approval of said  bond.

"Done in chambers this 17th day of December, 1900.

"CLINTON F. IRWIN,

"Associate Justice of the Supreme Court.

"(SEAL.)

"Attest:  BENJ. F. HEGLER, Clk. Sup. Ct."

On the same day the clerk of the supreme court approved and filed the bond as directed in said order.  Subsequently, upon application of the appellant, Charles Loran Moore, the bond was fixed in this court in the sum of fifteen hundred dollars, which  was  duly  executed by the appellants, petitioners in this proceeding, and was approved and filed by the clerk of this court.

On December 26, 1900, an information was duly filed in the district court by Charles Loran Moore, plaintiff in the *mandamus* proceedings, praying that a citation issue against the defendants, petitioners here, to show cause why they should not be punished for contempt, on the ground that the said defendants had failed, neglected and refused to comply  with a peremptory writ of *mandamus* issued in said cause.  On the same day the district

court issued a citation ordering each of said defendants to appear before the said district court and show cause why they failed to obey the peremptory writ of *mandamus* heretofore issued. On December 28, 1900, the defendants in said action, petitioners here, appeared before the district court in obedience to the citation and filed the following answer, (omitting title):

"Comes now C. G. Epley, R. I. Boyington, J. H. Riggs and Frank T. Hatler, and show to the court that the order of the court which is attached and made a part of the citation herein against them to show cause why they should not be adjudged guilty of contempt, in not performing the acts commanded in said order, was served on them, but that prior to the date that they were ordered to perform the acts mentioned in said order a petition in error was filed by them, as plaintiffs in error in the supreme court of the Territory of Oklahoma, for the purpose of having said proceedings and judgment wherein said order was made, reviewed in the said supreme court, and that prior to the date at which they were commanded to perform the acts in said order, the judgment and order was stayed by Clifton F. Irwin, associate justice of the supreme court, a certified copy of which order is filed in the office of the district court, in said action, reference being had thereto, which certified copy, together with the certificate of the clerk of the supreme court in relation thereto, is made a part of this answer; that the only reason for failing to perform the commands of this court entered in said action and included in said order was on account of the fact that the same was stayed by the associate justice of the supreme court of Oklahoma Territory. And the further reason that they were prosecuting said action in good faith desiring to have said judgment and order reviewed by the supreme court of this Territory, and was not on account of any disrespect for this court or its orders, and was not with

any intentions on their part to disregard any orders made by this court.

"Wherefore they ask to be discharged.

> "C. G. Epley,
> "R. I. Boyington,
> "J. H. Riggs,
> "Frank T. Hatter."

Said answer was duly verified. On the same day to-wit, December 28, 1900, the plaintiff, Charles Loran Moore, filed a demurrer to the answer of the defendants, on the following grounds: First—Because the facts stated there in do not constitute any defense; and, second —Because the order for stay of execution on which said defendants rely was granted without power or authority, and is null and void. On the same day the defendants and each of them, filed their written demand for a change of judge, which was refused by the court, to which the defendants at the time excepted. The court on the same day sustained the demurrer to the said answer. The court then proceeded to hear said cause. It appears from the testimony of the board of canvassers, relators in the *mandamus* proceeding and petitioner here, that they were called as witnesses on behalf of the plaintiff in the contempt proceeding and testified that on Tuesday, December 18, 1900, they appeared at Enid, for the purpose of reassembling and to recanvass the returns in obedience to the peremptory writ of *mandamus* issued by the district court, but, at that time, they were served with an order issued by the Hon. Clinton F. Irwin, associate justice of the supreme court, staying all proceedings in the court below, pending the determination of the appeal in the supreme court, and for that reason the board of canvassers took no further action in the matter. The dis-

trict court held that the order of Associate Justice Irwin staying the judgment of the district court in said action was without jurisdiction and, therefore, void, and that the said district court still had full jurisdiction to enforce its judgment and mandate|. The court adjudged the defendants guilty of contempt and fined each of them four hundred dollars and ordered them committed to the common jail of Garfield county, until said order of the court was obeyed and the costs paid. The petitioners now make application to this court to be discharged by *habeas corpus*.

Opinion of the court by

HAINER, J.: It is contended by the petitioners that their restraint is illegal and unauthorized because the order of the court adjudging them guilty of contempt was made in an action which had been appealed to this court, a petition in error having been duly filed therein, and a summons issued and served in said action, and a stay of all the proceedings of the district court in said cause having been granted by one of the associate justices thereof, which was in full force and effect at the time the defendants were adjudged guilty of contempt, and the order of commitment issued. On the other hand it is contended by the respondent that neither the supreme court nor any of the justices thereof have the power or authority to grant supersedeas or a stay of the judgment of the district court in any case brought here on appeal or on writ of error; and that the power to grant a supersedeas is purely a statutory one, and no such power is lodged in this court.

The decision of this case then turns upon the construction to be placed upon our statute as to the power of the

supreme court or one of the justices thereof to grant a supersedeas or stay of the judgment or proceedings in cases where the statute makes no express provision for the granting of a supersedeas or stay of the judgment in the court below. The determination of this question necessarily involves an examination of the various provisions of our statutes bearing upon this question, which we regard a very important one and which is before this court for the first time. The power of the supreme court to reverse, vacate or modify any judgment or order of the district court is expressly conferred in section 558 of our civil code, which reads as follows:

"The supreme court may reverse, vacate or modify a judgment of the district court, for errors appearing on the record and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The supreme court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First. A final order. Second. An order that grants or refuses a continuance; discharges, vacates, or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms, or refuses to confirm the report of a referee; or that sustains or overrules a demurrer. Third. An order that involves the merits of an action, or some part thereof."

Section 569 of the code in reference to stay of judgment in the probate and district courts provides as follows:

"No proceeding to reverse, vacate or modify any judgment or final order rendered in the probate court or district court, except as provided in the next section, and the fourth subdivision of this section, shall operate to stay execution, unless the clerk of the court in which the

record of such judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error, to the adverse party, with one or more sufficient sureties, as follows: First. When the judgment or final order sought to be reversed directs the payment of money . . . Second. When it directs the execution of a conveyance or other instrument... Third. When it directs the sale or delivery of possession of real property... Fourth. When it directs the assignment or delivery of documents." * * *

Section 575, in relation to the stay of a judgment or a final order in the justice court provides:

"No proceeding to reverse, vacate or modify any judgment or final order of a justice of the peace shall operate as a stay of execution, unless the clerk of the district court, in which such proceeding is commenced, shall take a written undertaking to the defendant in error, executed on the part of the plaintiff in error, by one or more sureties, to be approved by the clerk, to the effect: First. When the judgment directs the payment of money * * * Second. When the judgment directs the delivery of the possession of lands or tenements." * * * *

It will thus be seen that sec. 569 enumerates the four classes of judgments or final orders which may be stayed or superseded as a matter of right, upon terms prescribed therein, when an appeal is taken to this court from the district court or the probate court. And sec. 575, above referred to, enumerates two classes of cases which may be stayed as a matter of right on terms as prescribed therein when an appeal is taken from the justice court to the district court.   Section 576 which provides for supersedeas in this court reads as follows:

"Execution of the judgment or final order of any judicial tribunal, other than those enumerated in this article,

may be stayed on such terms as may be prescribed by the court or a judge thereof, in   which the proceedings in error are pending."

We think that sec. 576 confers upon this court or one of the justices thereof, in their discretion, the power to grant a supersedeas in all cases where the statute does not expressly give such power to the district court and the probate court, when an appeal has been taken to this court.   Manifestly it was the intention of the legislature when this section was incorporated in our civil code, to confer upon the appellate court in which proceedings in error are pending, the power to grant a supersedeas in all cases not expressly provided for by our statute, and upon such terms as the court may prescribe.   It seems to us any other construction would render this   provision of our code absolutely nugatory.   By sec. 6 of the Organic Act all judicial power in this Territory is vested in the supreme court, district courts, probate courts, and justices of the peace.   Hence the phrase  "any judicial tribunal," as used in sec. 576 can refer only to those four judicial tribunals, as none other exists.   It must, therefore, follow that the phrase in sec. 576, "other than those enumerated in this article," refers to the execution of the judgment or final order and not to "other judicial tribunals."

At common law a writ of error in an appellate court operated as a supersedeas by implication, and stayed the proceedings in the inferior court from the time of its allowance, without an undertaking or other security.   (24 Am. & Eng. Encyclopedia of Law, p. 585).   The inherent power of an appellate court to grant a supersedeas in the absence of any statutory provision, is clearly and fully

dicussed in vol. 20, p. 1237, of the Encyclopedia of Pleading and Practice, where the rule is thus stated:

"Where there is no statutory provision for a supersedeas bond in a particular case, the court may stay the proceedings for the protection of the parties, in the exercise of its inherent power."

And, on page 1238 of the same volume it is said:

"In cases which do not fall within the provisions of the statute the supreme court may, in its discretion, and after it obtains jurisdiction of the cause, order supersedeas upon such terms as it may prescribe."

In *Hudson et al. v. Smith*, 9 Wis. 122, it was held that the power of the supreme court to stay proceedings in any matter appealed to it, does not altogether depend upon statutory enactment, but is inherent in the court. And in this case it was said:

"It is undoubtedly the general policy of the law to allow any party against whom judicial proceedings are commenced to stay proceedings under the decision of any inferior tribunal against him, from which he has appealed, on giving just and adequate security."

In *Levy et al. v. Goldberg*, 40 Wis. 308, the same doctrine was reaffirmed.

In Nebraska an appeal to the supreme court from the district court does not operate as a supersedeas, except as provided by statute, and upon the terms imposed by the statute. But, notwithstanding these provisions of the Nebraska statutes, it has been decided in a number of well considered cases by that court, that in all cases where the statute makes no provision for a supersedeas as a matter of right, the trial court may, in its discretion, allow supersedeas upon conditions which it may affix for the protection of the parties, and that it is within the

—41

power of the supreme court in its discretion, after obtaining jurisdiction of a case by appeal, to allow supersedeas in cases not provided for by statute, and upon terms which the court may prescribe. (*Home Fire Ins. Co. v. Dutcher*, 67 N. W. 766; *Penn. Mut. Life Ins. Co. v. Creighton Theater Bld'g Co.* 71 N. W. 279.)

In *Home Fire Insurance Company v. Dutcher, supra,* the court in discussing this subject said:

"The chapter relating to receivers contains no special provision for the superseding of an order of appointment; nor is there elsewhere in the code any provision of that character. As pointed out already, to allow a supersedeas as a matter of right would, in many cases, defeat the whole purpose of the order; and we think the obvious intention of the legislature was that such purpose should not be in that manner defeated, and for that reason no provision was made for superseding such an order. Furthermore, the code provides protection to the defendant from the results of continuing provisional remedies in the way of bonds, which are always required for that purpose.

"In holding that a party may not, as a matter of right, supersede an order appointing a receiver, we do not hold that a supersedeas may not be granted in the discretion of the court. This court has already held that a writ of ouster in a *quo warranto* case and a writ of *mandamus* are writs which may not be superseded as a matter of right; but, it has also held that the court may, in its discretion, allow a supersedeas in such cases. (*Gandy v. State*, 10 Neb. 243, 4 N. W. 1019; *State v. Judge of District Court*, 19 Neb. 149, 26 N. W. 723; *Cooperrider v. State*, 46 Neb. 84, 64 N. W. 372.) It is quite clear from the record that the district court has been proceeding on the theory that there was no authority whatever for a supersedeas in this case, and has not exercised, or been called upon to exercise its discretion in granting or refusing a superse-

deas.  This court now has jurisdiction of  the case on appeal, and we have no doubt of its power to itself grant a stay on proper conditions.  (*City of Janesville v. Janesville Water Co.*, 89 Wis. 159, 61 N. W. 770; *Haught v. Irwin*, 166 Pa. St. 548, 31 Atl. 260.)  Inasmuch as the allowing of a stay is wholly  a matter of discretion, it follows that the court may, in allowing the stay, affix such conditions as, in its judgment, are necessary for the protection of the parties."

We think that the rule announced by the supreme court of Nebraska is clearly ˙in point, and announces the true doctrine.  But, it is suggested that a different rule governs where a peremptory writ of *mandamus* is awarded, than in ordinary civil actions.  This theory seems to be based upon the old English doctrine that a writ of *mandamus* is a writ of the highest prerogative, and therefore should be excepted from that class of judicial judgments and decrees which are suspended by an appeal  to a higher judicial tribunal.  But, we think that this high and ancient prerogative has been generally abandoned, and no longer obtains in this country, and the writ is now placed upon the same ground as an ordinary civil action between parties, and that a judgment in a *mandamus* proceeding is subject to review by writ of error or appeal in the appellate court upon the same terms and conditions as in case of an ordinary action at law.  And, we can perceive no sound reason why it should not be placed exactly on the same footing with ordinary judgments and orders of courts in other actions.

In *Hartmen v. Greenhow*, 102 U. S. 672, Mr. Justice Field in discussing this subject said:

"A  *mandamus* in cases of this kind is no longer regarded in this country as a mere prerogative writ.  It is

nothing more than an ordinary proceeding or action in which the performance of a specific duty, by which the rights of the petitioner are affected, is sought to be enforced."

Mr. Chief Justice Taney, in discussing the same question, used the following language:

"It undoubtedly came into use by virtue of prerogative power in the English crown, and was subject to regulations and rules which have long since been disused; but the right to the writ and the power to issue it have ceased to depend upon any prerogative power, and it is now regarded as an ordinary process in cases to which it is applicable. It was so held by this court in the cases of *Kendall v. U. S.* 12 Pet. 615, and *Kendall v. Stoke*, 3 How. 100." (*Ky. v. Dennison*, 24 How. 97.)

But, we think that in this Territory our statute settles this question.    Section   724   of our   civil   code   provides as follows:

"No other pleading or written allegation   is allowed than the writ and answer; these are the pleadings in the case, and have the same effect, and are to be construed and may be amended in the same manner, as pleadings in a civil action; and the issues thereby joined must be tried, and the further proceedings thereon had, in the same manner as in a civil action.

And hence, a judgment granting a writ of   *mandamus* stands on an equal footing with a judgment in an ordinary action at law, subject to review in the appellate court under similar conditions.

It is also contended by the respondent that if this court has the power to grant a supersedeas in certain cases, it can only be granted upon the terms prescribed in sec.   572 of the code, which provides:

"Before   an   undertaking    shall operate to stay execution of the judgment or order, a petition in error must

be filed in the appellate court, and the execution of the undertaking and the sufficiency of sureties must be approved by the court in which the judgment was rendered or order made, or by the clerk thereof." * * * And since the order staying the proceedings by Associate Justice Irwin provided that the bond should be approved by the clerk of this court, it is contended that it is void. We think not. We think that this section is applicable only to those cases where a supersedeas must be granted by the district court or the probate court as a matter of right, and does not in any manner relate to those classes of cases in which supersedeas may be granted by this court, or any of the justices thereof, in its discretion, as prescribed in sec. 576. There is no conflict between sec. 572 and sec. 576. We think it is manifest that sec. 572 refers to a stay of proceedings in all those classes of cases enumerated in sec. 569, when an appeal is taken from the district court or the probate court to the supreme court, and sec. 576 refers to those classes of cases which are not enumerated in sec. 569, and in which a supersedeas or stay may be allowed on such terms as may be prescribed by this court or any justice thereof. But, even where a supersedeas is improperly granted by this court or any of the justices thereof, on the ground that the bond is insufficient, or that there are defects in the appeal, we think that the appropriate remedy is by motion to vacate or set aside the order granting the supersedeas. It is a well settled principle of appellate procedure, that when a case is brought within the jurisdiction of an appellate tribunal, it is taken entirely out of the control of the inferior court. The appeal, necessarily, removes the matter in controversy to

the higher tribunal for review. When an appeal is there-fore taken to the appellate court and a supersedeas granted therein, the trial court is divested of any juris-diction in the case pending the determination of the ap-peal, and it has no power to enforce the judgment or final order, unless the supersedeas is set aside or va-cated.

We, therefore, hold that the contempt proceedings in the district court were absolutely null and void, for want of jurisdiction. The writ of *habeas corpus* is therefore awarded, and the petitioners are hereby ordered to be dis-charged and restored to their liberty.

McAtee, J., having presided in the court below, not sit-ting; all of the other Justices concurring.