### ALICE LUM ET AL. v. THOMAS REED.

1. **WRIT OF ERROR.** *Supersedeas. Bond. Ejectment.*
   In ejectment it is allowable to supersede the writ of possession without superseding the execution for mesne profits, and a writ of error without bond operates as a *supersedeas* of the writ of possession.

2. **SUPERSEDEAS.** *Bond. Ejectment. Judgment for mesne profits not superseded without bond.*
   As a judgment for money may be executed, though a writ of error be prosecuted, unless the plaintiff in error gives bond in double the amount of the judgment, such bond is necessary to supersede execution for mesne profits, as adjudged in an action of ejectment.

3. **BOND FOR SUPERSEDEAS.** *When necessary. Case in judgment.*
   Writ of error and *supersedeas* to a judgment in ejectment for the recovery of a tract of land, and $4,850 for mesne profits, the *supersedeas* bond being in the penalty of $2,000. Motion in the Supreme Court to discharge the *supersedeas* denied as to the writ of possession, but *supersedeas* confined to that.

MOTION to discharge *supersedeas*. The facts are stated in the opinion of the court.

*Potter* and *Green*, for the motion, contended that the *supersedeas* should be discharged both as to the land and mesne profits. Code, § 1557; *Davis* v. *Doe d. Delpit*, 25 Miss. 447; and the minute entry in said case, Records of the High Court of Errors & Appeals, Minute Book, G. 29, which reads: "There is no error in the judgment, so far as the same relates to the term. This part of said judgment is affirmed. Error is in so much of the judgment as relates to the damages. This part of said judgment is reversed." This proves the legal fact for which we contend, of one judgment for term and damages. There is no such thing as splitting a judgment.

*Pittman* and *Pittman*, contra, commenting on *Davis* v. *Doe d. Delpit*, 25 Miss. 447, and the Minute Entry Book, G. 29, contended that the *supersedeas* should not be discharged; at all events, not as to the writ of possession.

CAMPBELL, J., delivered the opinion of the court.

This motion to discharge the *supersedeas*, because the judg-

ment is for recovery of possession of land, and $4,850 for mesne profits, and the *supersedeas* bond is in the penalty of but $2,000, presents the question, whether it is allowable to supersede the writ of possession on recovery in ejectment, without giving a writ of error bond in double the amount of the judgment for mesne profits, where there is such a judgment, and, if so, on what terms the writ of possession is superseded on writ of error.

As *supersedeas* has relation to the execution, as there may be in ejectment a writ of possession and *fieri facias* for damages assessed for mesne profits and costs, thus presenting the case of two separate executions for distinct things different in their nature, and as the statute which provides for a writ of error to operate as a *supersedeas* expressly excludes the idea of a bond in any case to cover the value of land, we think it allowable to supersede the writ of possession without superseding the execution for mesne profits, and that a writ of error without bond operates as a *supersedeas* of the writ of possession in ejectment.     This results because at common law a writ of error itself operated as a *supersedeas*, and no security was required for the prosecution of the writ or the payment of the judgment, if affirmed, and it was by virtue of acts of Parliament that bail in error was required in certain cases. 2 Tidd's Practice (1st Am. ed.), 1079 *et seq.*   Finally, by St. of 16 & 17 Chas. II., c. 8, § 3, it was required that bail in error should be necessary in any action *ejectione firmæ.*   Under this statute the practice in the King's Bench was to require of the plaintiff in error a recognizance in double the yearly value of the premises.     2 Tidd's Practice (1st Am. ed.), 1085 *et seq.*

We have no such statute, and the writ of error must operate as at common law as to the writ of possession, and supersede it.     But as a judgment for money may be executed, though a writ of error be prosecuted, unless the plaintiff in error gives bond in double the amount of the judgment, such bond is necessary to supersede execution for mesne profits, as adjudged in the action of ejectment.

*Motion denied as to the writ of possession, but supersedeas will be confined to that.*