FLYNN v. THE DES MOINES & ST. LOUIS R'Y CO.

1. **Appeal to Supreme Court:** SUPERSEDEAS BOND: PENALTY OF: STATUTE CONSTRUED. Where, in the petition for the foreclosure of a mechanic's lien, a money judgment is asked against the defendants, and such judgment is rendered by the court, the fact that it is also established as a lien upon the property, which amply secures it, and which is ordered sold upon special execution to make the amount of the judgment, does not change its character as a judgment for money, as contemplated in § 3190 of the Code, and under said section a bond to supersede such judgment upon appeal to the supreme court must be for double the amount of the judgment.

*Appeal from Polk Circuit Court.*

FRIDAY, DECEMBER 14.

THIS is an action for the foreclosure of a mechanic's lien. The circuit court found the amount due the plaintiff to be $30,110. A judgment was entered against the Des Moines & St. Louis R. R. Co. for that amount, and the same was established as a mechanic's lien upon the railroad of the defendant, and declared to be prior and superior to the liens of the other defendants. The defendant appealed, and, desiring to supersede the judgment and decree, an application was made to the clerk of the circuit court to fix the amount

of the penalty in the supersedeas bond. The clerk fixed it at $64,000, being double the amount of the judgment, with interest and costs. Thereupon appellants applied to one of the justices of this court to fix the amount of the bond.

A hearing was had, and the penalty in the bond was fixed at $2,000, with leave to appellee, if he should be so advised, to move the full bench for an increase of the penalty.

That motion, having been made, is now submitted to the court for its determination.

*Wright, Cummins & Wright*, for the motion.

*Parsons & Runnells, contra.*

ROTHROCK, J.—The application by appellants to fix the amount of the bond was made to the writer hereof in vacation. It presented a question which was thought to be of sufficient importance to be brought before the full bench, and, as it appeared from the proofs that the property upon which the amount found to be due was established as a lien was amply sufficient in value to secure the appellee for the full amount of their claim, the bond was fixed at $2,000, with leave to appellee to move for an increase thereof.

The question presented involves the construction of section 3190 of the Code. In reference to the penalty in supersedeas bonds, it provides that, "if the judgment or order is for the payment of money, the penalty shall be in at least twice the amount of the judgment and costs. If not for the payment of money, the penalty shall be sufficient to save the appellee harmless from the consequence of taking the appeal. But it shall in no case be less than $100."

To determine whether this is "a judgment for the payment of money" within the meaning of the statute, it is necessary to refer to the petition in the case, and to the judgment or decree which was rendered by the circuit court. The petition demanded a judgment against the Des Moines & St. Louis R. R. Co. for $28,676.50, and interest, and that the

mechanic's lien of the plaintiff be established against the railroad.

The decree, after finding the amount due the plaintiff, and that the same is a lien prior to the liens of the other defendants, proceeds as follows:

"It is therefore ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendant, the Des Moines & St. Louis R. R. Co., the sum of $30,110.32, together with the costs of this suit, taxed to $——."

After declaring the mechanic's lien established on the road, it is further ordered that the property, or so much thereof as is necessary, be sold upon special execution to satisfy the judgment, and that a general execution issue for any sum remaining unpaid after exhausting said property.

Taking this record as a guide to the clerk in fixing the amount of the bond, he finds a judgment for money in proper form. If there were no other or further record entry, the statute is imperative that the penalty of the bond shall be in double the amount of the judgment. It was thought at the hearing at chambers that, because the decree required that the property be exhausted before any general execution should issue, there was some ground for the claim that the judgment was not for the payment of money, within the meaning of the statute. But, upon full consideration of the question, we have arrived at the conclusion that the fact that a judgment for the payment of money is made a lien upon property, does not so qualify it as to take it out of that class of judgments which require a bond in double the amount of the judgment. It is true that, when a judgment for money is declared to be a special lien upon property, and the property is ordered to be sold, this is an incident not common to an ordinary judgment, but it is nevertheless still a judgment for the payment of money.

The construction we adopt is the plain and obvious one required by the statute, and, if we were to depart therefrom, it would require the clerk in all this class of cases, including

foreclosures of mortgages, to make an investigation as to the value of the property, in order to fix the amount of the bond. This would lead to unnecessary and profitless contention, by making issues by affidavits before the clerk as to the value of the property. We think that it is better that the plain and unambiguous language of the statute be adhered to.

It is claimed by counsel for the defendant that the statute does not authorize a personal judgment in this class of cases. We do not think it proper to enter upon the consideration of that question in determining this motion. We find that a judgment for the payment of money was demanded in the petition, and such a judgment was rendered by the court. In fixing the amount of the appeal bond, it would be manifestly improper to go behind the record entries to determine questions which pertain to the merits of the case. The motion to require the penalty of the bond to be increased to $64,000 is

.SUSTAINED.