LUCIAN C. JOHNSTON V. FLORENCE M. CRAIG ET AL.

FILED DECEMBER 18, 1900. No. 9,346.

1. Recitation of Facts: CONFIRMATION: EXPIRATION OF STAY: PENDING APPEAL. A decree of foreclosure directed a sale of the mortgaged property, and also found the defendant personally liable for a possible deficiency. The defendant asked and obtained a stay of the order of sale and prosecuted an appeal to this court, giving a supersedeas bond conditioned as required in cases where the judgment directs the payment of money. *Held*, That it was not error to confirm a sale of the property made under the decree of foreclosure after the expiration of the stay, but during the pendency of the appeal.

2. Judicial Sale: APPRAISEMENT: MOTION TO VACATE: ABSENCE OF BILL OF EXCEPTIONS. An order denying a motion to vacate an appraisement of property for judicial sale on the ground that the appraiser's valuation was too low will, in the absence of a bill of exceptions embodying the evidence given at the hearing, be presumed to be correct.

ERROR from the district court for Kearney county. Tried below before BEALL, J. *Affirmed.*

*Stewart, Hague & Anderbery*, for plaintiff in error.

*M. D. King* and *Ed L. Adams, contra.*

SULLIVAN, J.

This proceeding in error brings up for review an order of the district court for Kearney county confirming a sale of real estate made in execution of a decree of foreclosure. The decree not only directed a sale of the mortgaged property, but fixed the liability of Johnston for any deficiency that might remain after the proper application of the proceeds of the sale. This decree was rendered on May 17, 1895, and within twenty days thereafter John-

ston filed with the clerk of the court a written request for a stay of the order of sale. About the same time he executed to the plaintiff a bond for an appeal containing the following recital and condition:

"Whereas on the 17th day of May, 1895, a decree was rendered in the district court of Kearney [county] in favor of Florence M. Craig and against Lucian C. Johnston finding said Lucian C. Johnston liable for deficiency judgment in foreclosure of mortgage in an action pending therein wherein Florence M. Craig was plaintiff and J. M. Bell et al. are defendants, and the said Lucian C. Johnston intends to appeal said cause to the supreme court, and whereas said district court has prescribed the sum of $50.00 as the amount of the bond to obtain a review of said judgment in the supreme court:

"Now therefore the condition of this obligation is such that if said Lucian C. Johnston shall prosecute such appeal without delay and pay all condemnation money and costs which may be found against him on the final determination of the cause in the supreme court, then this obligation shall be null and void, otherwise to remain in full force and effect."

After the expiration of nine months from the date of the decree an order of sale was issued, the property was sold and the sale confirmed.

The first contention of counsel for Johnston is that the order of confirmation should be reversed because the sale was made while the case was pending in this court. It is true, of course, that the pendency of an appeal, when a supersedeas bond has been given, suspends the execution of the decree; but we think Johnston is not in a position to insist that he has appealed from the decision of the court directing a sale of his property. The character of the appeal bond and the request for a stay of the order of sale indicate clearly that he did not complain of the foreclosure of the mortgage, nor desire a reversal of that part of the decree. His evident intention was to appeal only from the provision binding him

personally for the payment of a possible deficiency. The bond was conditioned as required in cases where the court has directed the payment of money, and it was not conditioned as required in cases where it is sought to arrest the execution of a judgment directing the sale of land. Johnston having deliberately waived his right to appeal from the decree of foreclosure, and having exercised and enjoyed the alternative right of obtaining a stay by filing with the clerk a written request therefor, he can not now justly insist that the proceeding by which the cause was removed to this court shall be given greater effect than it was originally intended to have. The court did not err in confirming the sale; it did not invade Johnston's right to a stay during the pendency of the appeal, for that right was voluntarily abandoned and irrevocably lost before the appeal was perfected.

Alleged undervaluation of the mortgaged property by the appraisers is another ground upon which a reversal of the order of confirmation is claimed. There was no bill of exceptions settled by the trial judge, and consequently the evidence upon this point did not become a part of the record. The presumption is that the conclusion of the district court was warranted by the proof.

The order is

AFFIRMED.

NORVAL, C. J., not sitting.