NICOLA SANTORO and BATTISTA TURCO, p. b. a., *vs.* ANGELO
    DiGUGLIELMO, d. b. r.

1. APPEAL AND ERROR—PARTY TO SUIT CANNOT BE SURETY ON APPEAL
    BOND.
    In view of *Rev. Code* 1915, § 3763n (*29 Del. Laws, c.* 250), providing for appeal from court of common pleas in the same nanner as from justices of the peace, and *Section* 4035, relating to the latter appeals, the sureties upon an appeal bond cannot be a party or one of the parties to the suit taking an appeal.

2. APPEAL AND ERROR—TRANSCRIPT MUST BE Certified AS CONTAINING
    ALL THE DOCKET ENTRIES.
    *Rev. Code* 1915, § 3987, required that the transcript shall contain all the docket entries, so that a certificate merely stating that it contains the docket entries is insufficient.

(*June* 17, 1920)

RICE and HEISEL, J. J., sitting.
*James I. Boyce* for appellants.
*Leonard E. Wales* for respondent.

Appeal from Court of Common Pleas, No. 111, May Term, 1920.

Action in the court of common pleas by Nicola Santoro and Battista Turco against Angelo Di Guglielmo. Judgment for defendant, plaintiffs appeal. Motion to dismiss appeal. Motion granted and appeal dismissed.

The facts sufficiently appear in the opinion of the court.

Per Curiam. This is an appeal by Nicola Santoro and Battista Turco, the plaintiffs, in a proceeding in the court of common pleas for New Castle county, wherein judgment was given in favor of Angelo Di Guglielmo, the defendant. The Defendant below, the respondent in this court, moved that the appeal be dismissed on the ground that sufficient security was not given, as required by law, and that the security taken was not in compliance with the law, and that the certificate of the clerk of the court of common pleas does not comply with the law.

The defendant here claims that Battista Turco, one of the plaintiffs below, became sole surety on the appeal taken by Nicola Santoro and Battista Turco.

[1] The statute with respect to appeals from the court of common pleas provides: *section 3763h, Rev. Code 1915*:

"From any order, ruling, decision or judgment of said court, the aggrieved party shall have the rights of appeal or certiorari to the Superior Court of New Castle County, in the same manner as is now provided by law as to causes tried before justices of the peace."

And *section 4035, Rev. Code 1915*, provides:

"Such appeal shall be allowed by the justice at any time within fifteen days from the day of giving the judgment, and not after, counting that day as one upon the party entitled to the appeal, or his agent, or attorney, praying it and offering sufficient secrituy in such sum as the justice shall deem sufficient to cover the judgment appeal from and tɥe costs on the appeal. The justice shall make an entry thereof as follows:

"On the——day of——, 19——, the said A. B. appeals, and C. D. becomes surety in the sum of—— that the said appeal shall be prosecuted with effect, and also that any judgment which shall be rendered against the said A. B. or his executors, or administrators, upon said appeal, shall be satisfied; which entry shall be signed by the sureties, or it shall be void."

We are of the opinion that the law providing for appeals from judgment before justice of the peace clearly shows that the surety cannot be the party or one of the parties to the suit taking an appeal.

[2]   The defendant, in his motion to dismiss the appeal, also claims that the certificate of the clerk of the court of common pleas in this case is insufficient, as it does not comply with the language of the statute.  *Section 3987, Rev. Code 1915*, provides as follows:

"It is the duty of a justice of the peace, upon request and payment, or tender, of the legal fee, to make and certify, under his hand and seal, a true transcript of all the docket entries in any cause before him, or upon any record in his possssion, or if especially required, a full and true copy of all the records.*   *   *
"Upon an appeal, a transcript shall be sufficient, unless a full copy be specially  requested.  *   *   *''

The statute requires that the justice of the peace shall file a duly certified transcript of all the docket entries, and in this case the clerk of the court of common pleas certified  "That the above and foregoing is a true and correct transcript of the docket entries in the case there stated";  he fails to certify that it is a true transcript of all the docket entries and we are of the opinion that this omission on the part of the clerk of the court of common pleas is fatal to the appeal, and in so holding, we follow the decisions of this court in the cases of *Trimble, Sides & Co. v. Dugan*, 2 *Pennewill*, 524, 47 *Atl.* 1008, and *George G. Baker*, d. b. a.  *v. James L. David, Administrator*, p. b. r., 4 *Pennewill*, 395, 55 *Atl. 334.*

For the reasons stated, it is ordered that the appeal be dismissed.