CHAMBERS, Respondent, v. WILSON, et al, Appellants
(289 N. W. 588.)

(File No. 8344.   Opinion filed January 16, 1940.)

**W. F. Bruell,** of Redfield, for Plaintiff and Respondent.

**Sterling, Clark & Grigsby,** of Redfield, and **D. H. Roberts,** of Ashton, for Defendants and Appellants.

PER CURIAM. This matter is before the Court upon a motion by the plaintiff and respondent to dismiss the appeal from the judgment rendered by the trial court on the 4th day of August, 1939. The motion is based upon two grounds: First, that the appeal was not taken within 60 days after written notice of the judgment was served upon the defendant and appellant; second, upon the ground that no undertaking, as provided by law, was served or filed by the appellant.

■ SDC 33.0702 fixes the time within which appeals to the Supreme Court from orders and judgments of the circuit court may be taken. The first clause of said section reads as follows: "An appeal to the Supreme Court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing." This clause applies to the taking of appeals from orders, as defined by the second paragraph of § 33.1701, and has no reference to the taking of an appeal from a judgment, and limits the time within which such appeals may be taken to sixty days.

■ This appeal being from a judgment the time within which it may be taken is fixed by the provisions of the second clause of § 33.0702, which reads as follows: "Every other appeal allowed must be taken within one year after the judgment shall be signed, attested, and filed." The appeal in this case was taken in much less than a year after the entry of the judgment and well within the time fixed by the statute.

The sufficiency of the sureties on the appeal bond herein presents a more difficult question. The defendants, Harry M. Wilson, Harry A. Rhodes, S. F. Bloomhall, R. K. Siderius and W. Bymers, are sued in their capacity as trustees of the Ashton State Bank, which bank is insolvent and in course of liquidation. Being sued as trustees only no personal liability attaches to them in the action. The defendants Wilson,

Rhodes, Bloomhall, and Bymers executed the undertaking on appeal as trustees of the said bank. The said defendants Wilson, Rhodes, Bloomhall and Bymers then executed the bond in their individual· capacity and all of the defendants acknowledged the execution of the undertaking as trustees and as individuals. The defendants Wilson, Rhodes, Bloom- hall and Bymers then justified as sureties in their individual capacity.

The situation is such that in case of the dismissal of the appeal or affirmance of the judgment appealed from, the judgment for costs would be a judgment against the said in- solvent bank for which the four named defendants would not be individually liable as sureties on the undertaking. But because of the individual execution of the undertaking by said defendants they would be liable as sureties for the said bank.

■■ The language of the statute (SDC 33.0703) re- quiring the giving of an undertaking plainly implies that the sureties on the undertaking are to be some party or parties other than the appellants in the case, and this appears to be the general holding of the adjudicated cases where this ques- tion has been involved. In 4 C.J.S., Appeal and Error, page 1136, § 647, the rule is stated to be that an appellant can- not be a surety on his own appeal bond. Citing Santoro v. DiGuglielmo, 1 W.W. Harr., Del., 6, 110 A. 679; Universal Automobile Insurance Co. v. Culbertson et al., Tex. Civ. App. 51 S.W. 2d 1071; Aetna Insurance Co. v. Robertson, 127 Miss. 440, 90 So. 120.

■■ The purpose of the undertaking on appeal is to furnish the appellee security in addition to the ability of the appellant to pay the costs in case of a dismissal of the ap- peal or an affirmance of the judgment or order from which the appeal is taken. The sureties on the undertaking are not the real parties in interest in the case. Each of them has justified so that the appellee has the same security he would have if the sureties were not connected with the case except as such sureties.

We believe that the appeal was taken within the time

provided by law for that purpose; that the sureties are competent to act in that capacity and that the motion to dismiss should be denied and it will be so ordered. No costs to be taxed by either party.

All the Judges concur.